**PING CHEN, also known as Ai Ling Neo, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Peter D. Keisler,\* Respondent.**

**No. 06–3896–ag.**

United States Court of Appeals, Second Circuit.

Sept. 19, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Yee Ling Poon (Robert Duk–Hwan Kim, on the brief) New York, NY, for Appellant.

Daniel Davis, Office of Immigration Litigation, Civil Division, United States Department of Justice (James P. Thompson, Catherine M. Maraist Assistant United States Attorneys, for David R. Dugas, United States Attorney for the Middle District of Louisiana, on the brief), Washington, DC, for Appellee.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Ping Chen, a citizen of Fuzhou City, Fujian Province, China, petitions for review of an August 3, 2006, BIA decision that (1) affirmed the February 28, 2005 decision of Immigration Judge Roxanne C. Hladylowycz, denying the petitioner's application for asylum, withholding of removal, and CAT relief, and (2) denied the petitioner's motion to remand the application to the IJ on the ground of changed personal circumstances. *In re Ping Chen*, No. A 77 994 104 (B.I.A. Aug. 3, 2006), *aff'g* No. A 77 994 104 (Immig. Ct. N.Y. City Feb. 28, 2005). We assume the parties' and counsel's familiarity with the facts and the procedural history of this case, and the scope of the issues presented by this petition.

*First*, as to Chen's motion to remand, "[w]e review the BIA's denial of [such] a motion ... for consideration of new evidence for abuse of discretion, and will find such abuse if 'the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.'" *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir.2005) (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001)). The BIA has "broad discretion" to deny a motion to remand where, for example, the movant failed to establish a *prima facie* case of eligibility for asylum or failed to articulate material, previously unavailable evidence, or where the BIA determines that it would deny the application in its discretion regardless of eligibility. *Id.* at 156 (internal quotation

marks omitted). Although the agency need not "expressly parse or refute on the record" each of the petitioner's evidentiary contentions, *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n. 17 (2d Cir. 2006), the BIA "[has] a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim," a duty that applies equally to asylum applications and to motions to reopen, *Poradisova v. Gonzales*, 420 F.3d 70, 81 (2d Cir.2005).

The petitioner here presented considerable evidence that was material and that might well meet her burden to demonstrate *prima facie* asylum eligibility. Chen submitted, *inter alia*, the State Department's 2004 country conditions report, in which the State Department opined that "[g]enerally, unless one of the parents is an 'overseas Chinese' (i.e., has residency rights in another country) a family with a U.S.-born child or children receives no special treatment under family planning laws," but also noted that United States diplomats were "not aware of any cases in which returnees from the United States were forced to undergo sterilization procedures on their return." Chen also submitted the 1998 congressional testimony of Gao Xiao Duan—which we have previously characterized as "detail[ed]" and based upon "personal knowledge," *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005)—and three letters from female family members in Fujian Province, both urban and rural, asserting that they suffered either forced sterilizations or abortions. One of those relatives, Chen stated in a supplemental affidavit, had also been forcibly inserted with an IUD after giving birth to her first child.

The BIA's one-sentence denial of Chen's motion as "offer[ing] no evidence that similarly situated individuals are subject to [forcible sterilization or IUD insertion] upon returning to China," leaves us with no basis upon which to evaluate how, if at all, it reconciled this evidence with competing evidence in the record regarding the threat to individuals similarly situated to Chen. The BIA's citation to *Matter of C–C–*, 23 I. & N. Dec. 899 (B.I.A.2006), provides no help, because Chen has presented material evidence that was not discussed in that opinion. "When faced with cursory, summary or conclusory statements from the BIA" that do not reference material evidence presented by the petitioner, we must "conclude that the BIA acted inappropriately by failing to consider the record as a whole when it issued its opinion denying the remand, [or] failed to issue a reasoned opinion when it purportedly did consider the entire record." *Anderson v. McElroy*, 953 F.2d 803, 806 (2d Cir.1992); *accord Shou Yung Guo v. Gonzales*, 463 F.3d 109, 115 (2d Cir.2006). We agree with the petitioner that the BIA abused its discretion in denying her motion with only a conclusory statement that did not reference the evidence in the record.

We therefore grant Chen's petition as it pertains to her motion to remand. On remand, we suggest that the BIA consider:

1. Whether Chen has an objective fear of future persecution (forced sterilization or IUD insertion) arising from the fact that she has a American-born son, in light of the record in this case regarding (a) the threat to native Chinese in Fujian Province who bear one child or more in China, and (b) the nature of the treatment families with an American-born child receive upon their return to Fujian. The agency has concluded that the most recent State Department report to discuss family-planning related asylum claims by Chinese citizens—which states that children born abroad are " 'not ... counted' for birth planning purposes" once their parents return to

China, *In re S-Y-G-,* 24 I. & N. Dec. 247, 255 (B.I.A.2007) (omission in original) (quoting the State Department report)—and certain other recent letters from the State Department to the Department of Homeland Security regarding Chinese family planning practices are "more persuasive" than certain of the documents first referenced by our opinion in *Shou Yung Guo v. Gonzales,* 463 F.3d 109, *id.* at 256. As different documents are in the record now before us, including congressional testimony and several letters from Chen's relatives about forced procedures in Fujian Province, the BIA should make the same evaluation anew regarding the evidence here at issue. *Cf. Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 264 n. 1 (2d Cir.2007) ("[T]he phenomenon that documents of record in some cases are not of record in others is ever-present.").

2. Whether, if Chen's evidence—which includes statements by relatives and testimony from a village family planning official—is insufficient to establish *prima facie* asylum eligibility, what additional evidence would have been sufficient to show either a policy of forced sterilizations and IUD insertions or a particularized threat.

*Second,* to the extent that Chen's petition challenges the BIA's disposition of her appeal and her eligibility for CAT relief, we deny her petition. The BIA's and IJ's conclusions regarding Chen's applications are supported by substantial evidence.

For the foregoing reasons and to that extent, the petition for review of the order of the Board of Immigration Appeals is hereby GRANTED in part and DENIED in part. Having completed our review, we deny Chen's motion for a stay of removal as moot.